IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE D. MARTINEZ, Individually and as Special Administrator of the Estate of Martin Pagan, Jr., deceased, | } } } } | |
| Plaintiff, | } } } | |
| vs. | } } | No. _____ |
| UNITED STATES OF AMERICA and SANDRA L. HOOGLAND, M.D., | } } } | Jury Demand |
| Defendants. | } } | |

## COMPLAINT AT LAW

The Plaintiff, Irene D. Martinez, individually and as Special Administrator of the Estate of Martin Pagan, Jr., deceased, by and through her attorneys, the Law Firm of Mertes & Mertes, P.C., and for her cause of action against the Defendants, United States of America and Sandra L. Hoogland, M.D., states as follows:

### Jurisdiction and Venue

1. The Plaintiff is Irene D. Martinez, both individually and as the Special Administrator of the Estate of Martin Pagan, Jr., deceased. Irene D. Martinez is the natural mother of the deceased, Martin Pagan, Jr.  At all relevant times, Irene D. Martinez was and is a resident of the State of Illinois and the County of Cook, and lived within the Northern District of Illinois (hereinafter District).

2. The Plaintiff, Irene D. Martinez, has been appointed the Special Administrator of the Estate of Martin Pagan, Jr., deceased. A copy of the Order so appointing the Plaintiff, Irene D. Martinez as the Special Administrator of the Estate of Martin Pagan, Jr., is identified as Exhibit 1

to this Complaint, and said Exhibit 1 is attached hereto and specifically incorporated herein.

3. The acts of negligence alleged in this Complaint all took place within the District.

4. The Defendant, Sandra L. Hoogland, M.D., is an employee and/or real or apparent agent of Lawndale Christian Health Center, a Federally Qualified Healthcare Center.

5. The Defendant, United States of America, is named as a Defendant as a result of its responsibility for the negligent acts and/or omissions of its employees, including the Defendant, Sandra L. Hoogland, M.D., pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. § 2671, because the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

6. An administrative Tort Claim was filed with the Department of Health and Human Services on December 4, 2018 and was denied on March 11, 2019. Therefore, this claim is brought within six months after the date of mailing of Notice of Final Denial of the claim by the agency to which it was presented.

7. At all times relevant hereto, including but not limited to on and before December 4, 2016, Lawndale Christian Health Center, was a professional corporation engaged in the business of providing medical care to members of the public, including the Plaintiff and Plaintiff's unborn child, Martin Pagan, Jr., by and through nurses and physicians, including the defendant, Sandra L. Hoogland, M.D., and others, doing business in the State of Illinois and the County of Cook, located within this District.

8. The Defendant, United States of America, is responsible for the negligent acts and/or omissions of its agents and employees pursuant to the doctrine of respondeat superior.

9. Jurisdiction is conferred upon this Court pursuant to the Federal Tort Claims Act (FTCA) 28 U.S.C. Section 1346(b)(1), Section 1402(b), Section 2679(d)(2) and Section 1367(a).

**Count 1**
**Estate of Martin Pagan, Jr. vs. United States of America**
**Medical Negligence: Wrongful Death of Martin Pagan, Jr.**

10. On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

11. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center operated as a federally-funded health care center, located within the County of Cook, State of Illinois.

12. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center provided health care services to the general public that included, but were not limited to, family medicine and obstetrics and gynecology.

13. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center operated a clinic located at 3860 West Ogden Avenue, Chicago, Cook County, Illinois.

14. On December 4, 2016 and at all other times relevant hereto, the Defendant, United States of America, employed a staff of health care professionals at Lawndale Christian Health Center including but not limited to physicians, certified nurse midwives and other medical practitioners.

15. On December 4, 2016 and at all other times relevant hereto, the staff of health care professionals including, but not limited to physicians, certified nurse midwives and other medical practitioners working at Lawndale Christian Health Center, were the employees and/or agents of the Defendant, United States of America.

16. On December 4, 2016 and at all other times relevant hereto, the Defendant, United States of America, permitted its staff of health care professionals to manage the care of patients in various fields of medicine including, but not limited to, the medical fields of family practice and obstetrics and gynecology.

17. On December 4, 2016 and at all other times relevant hereto, the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

18. On December 4, 2016, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond its projected due date.

19. On December 4, 2016, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, the Plaintiff, Irene D. Martinez, complained of cramping, contractions, and labor pains.

20. At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

21. The prolonged deceleration of fetal heart rate represented a nonreactive non-stress test (NST) of fetal heart rate. It demonstrated a condition suspicious for placental insufficiency.

22. Sandra L. Hoogland, M.D. ordered a biophysical profile, which was interpreted as representing a normal biophysical profile.

23. Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

24. On December 4, 2016, when Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four

days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor, instead of ordering her discharge from the hospital.

25. On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn death was determined to be acute chorioamnionitis with deciduduitis with meconium staining, resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

26. On and after December 4, 2016, and at all other times material, Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., was negligent and deviated from the standard of care and treatment of the Plaintiff in one or more of the following respects, individually and/or collectively:

   a. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;
   b. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;
   c. Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or
   d. Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

27. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., the Plaintiff's decedent, Martin Pagan, Jr., sustained injuries that resulted in the death of Martin Pagan, Jr..

28. Irene D. Martinez, as mother, and Martin Pagan, as father, the only next of kin, each of whom are still living, by reason of the death of Martin Pagan, Jr., have been deprived of the decedent's companionship, society, services, support and valuable services, which Martin Pagan, Jr., deceased, would have given them, all to the damage of the Plaintiff as Special Administrator of the Estate of Martin Pagan, Jr., including the expenses for funeral and burial.

29. This action was filed pursuant to 740 ILCS 180/1, *et.seq.*, commonly referred to as the Wrongful Death Act.

30. The Plaintiff has attached the Affidavit of her attorney, pursuant to the provisions of 735 ILCS 5/2-622(a)(2), verifying that this action has not been previously voluntarily dismissed and that the Plaintiff has been able to obtain a consultation required by 735 ILCS 5/2-622(a)(1), and such Affidavit has been identified and attached hereto as Exhibit 2. The corresponding report of the qualified physician is attached hereto as Exhibit 3.

WHEREFORE, Irene D. Martinez, as Special Administrator of the Estate of Martin Pagan, Jr., deceased, demands judgment against Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent including, but not limited to Sandra Hoogland, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**Count 2**
**Estate of Martin Pagan, Jr. vs. United States of America**
**Medical Negligence: Survival Action of Martin Pagan, Jr.**

31. On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

32. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center operated as a federally-funded health care center, located within the County of Cook, State of Illinois.

33. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center provided health care services to the general public that included, but were not limited to, family medicine and obstetrics and gynecology.

34. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center operated a clinic located at 3860 West Ogden Avenue, Chicago, Cook County, Illinois.

35. On December 4, 2016 and at all other times relevant hereto, the Defendant, United States of America, employed a staff of health care professionals at Lawndale Christian Health Center including but not limited to physicians, certified nurse midwives and other medical practitioners.

36. On December 4, 2016 and at all other times relevant hereto, the staff of health care professionals including, but not limited to physicians, certified nurse midwives and other medical practitioners working at Lawndale Christian Health Center, were the employees and/or agents of the Defendant, United States of America.

37. On December 4, 2016 and at all other times relevant hereto, the Defendant, United States of America, permitted its staff of health care professionals to manage the care of patients in various fields of medicine including, but not limited to, the medical fields of family practice and obstetrics and gynecology.

38. On December 4, 2016 and at all other times relevant hereto, the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

39. On December 4, 2016, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond

its projected due date.

40. On December 4, 2016, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, the Plaintiff, Irene D. Martinez, complained of cramping, contractions, and labor pains.

41. At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

42. The prolonged deceleration of fetal heart rate represented a nonreactive non-stress test (NST) of fetal heart rate. It demonstrated a condition suspicious for placental insufficiency.

43. Sandra L. Hoogland, M.D. ordered a biophysical profile, which was interpreted as representing a normal biophysical profile.

44. Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

45. On December 4, 2016, when Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor, instead of ordering her discharge from the hospital.

46. On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn

death was determined to be acute chorioamnionitis with deciduduitis with meconium staining, resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

47. On and after December 4, 2016, and at all other times material, Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., was negligent and deviated from the standard of care and treatment of the Plaintiff in one or more of the following respects, individually and/or collectively:

a. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;
b. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;
c. Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or
d. Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

48. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., the Plaintiff's decedent, Martin Pagan, Jr., sustained injuries that resulted in the death of Martin Pagan, Jr..

49. Prior to the death of the Plaintiff's decedent, Martin Pagan, Jr., the Plaintiff's decedent suffered conscious pain and suffering.

50. Plaintiff brings this action under the Survival Act, 755 ILCS 5/27-6.

51. The Plaintiff has attached the Affidavit of her attorney, pursuant to the provisions of 735 ILCS 5/2-622(a)(2), verifying that this action has not been previously voluntarily dismissed and that the Plaintiff has been able to obtain a consultation required by 735 ILCS 5/2-622(a)(1), and such Affidavit has been identified and attached hereto as Exhibit 2. The corresponding report of the qualified physician is attached hereto as Exhibit 3.

WHEREFORE, Irene D. Martinez, as Special Administrator of the Estate of Martin Pagan, Jr., deceased, demands judgment against Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent including, but not limited to Sandra Hoogland, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**Count 3**
**Estate of Martin Pagan, Jr. vs. Sandra Hoogland, M.D.**
**Medical Negligence: Wrongful Death of Martin Pagan, Jr.**

52. On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

53. On December 4, 2016 and at all other times relevant hereto, the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

54. On December 4, 2016, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond its projected due date.

55. On December 4, 2016, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, the Plaintiff, Irene D. Martinez, complained of cramping, contractions, and labor pains.

56. At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

57. The prolonged deceleration of fetal heart rate represented a nonreactive non-stress test (NST) of fetal heart rate. It demonstrated a condition suspicious for placental insufficiency.

58. Sandra L. Hoogland, M.D. ordered a biophysical profile, which was interpreted as representing a normal biophysical profile.

59. Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

60. On December 4, 2016, when Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor, instead of ordering her discharge from the hospital.

61. On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn death was determined to be acute chorioamnionitis with deciduduitis with meconium staining, resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

62. On and after December 4, 2016, and at all other times material, Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., was negligent and deviated from the standard of care and treatment of the Plaintiff in one or more of the following respects, individually and/or collectively:

    a. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;

    b. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;

    c. Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or

    d. Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

63. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., the Plaintiff's decedent, Martin Pagan, Jr., sustained injuries that resulted in the death of Martin Pagan, Jr..

64. Irene D. Martinez, as mother, and Martin Pagan, as father, the only next of kin, each of whom are still living, by reason of the death of Martin Pagan, Jr., have been deprived of the decedent's companionship, society, services, support and valuable services, which Martin Pagan, Jr., deceased, would have given them, all to the damage of the Plaintiff as Special Administrator of the Estate of Martin Pagan, Jr., including the expenses for funeral and burial.

65. This action was filed pursuant to 740 ILCS 180/1, *et.seq.*, commonly referred to as the Wrongful Death Act.

66. The Plaintiff has attached the Affidavit of her attorney, pursuant to the provisions of 735 ILCS 5/2-622(a)(2), verifying that this action has not been previously voluntarily dismissed and that the Plaintiff has been able to obtain a consultation required by 735 ILCS 5/2-622(a)(1), and such Affidavit has been identified and attached hereto as Exhibit 2. The corresponding report of the qualified physician is attached hereto as Exhibit 3.

WHEREFORE, Irene D. Martinez, as Special Administrator of the Estate of Martin Pagan, Jr., deceased, demands judgment against Defendant, Sandra Hoogland, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**Count 4**
**Estate of Martin Pagan, Jr. vs. Sandra Hoogland, M.D.**
**Medical Negligence: Survival Action of Martin Pagan, Jr.**

67. On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

68. On December 4, 2016 and at all other times relevant hereto, the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

69. On December 4, 2016, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond its projected due date.

70. On December 4, 2016, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, the Plaintiff, Irene D. Martinez, complained of cramping, contractions, and labor pains.

71. At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

72. The prolonged deceleration of fetal heart rate represented a nonreactive non-stress test (NST) of fetal heart rate. It demonstrated a condition suspicious for placental insufficiency.

73. Sandra L. Hoogland, M.D. ordered a biophysical profile, which was interpreted as representing a normal biophysical profile.

74. Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

75. On December 4, 2016, when Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor, instead of ordering her discharge from the hospital.

76. On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn death was determined to be acute chorioamnionitis with deciduduitis with meconium staining, resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

77. On and after December 4, 2016, and at all other times material, Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., was negligent and deviated from the standard of care and treatment of the Plaintiff in one or more of the following respects, individually and/or collectively:

    a. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;
    b. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;
    c. Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or
    d. Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

78. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., the Plaintiff's decedent, Martin Pagan, Jr., sustained injuries that resulted in

the death of Martin Pagan, Jr..

79. Prior to the death of the Plaintiff's decedent, Martin Pagan, Jr., the Plaintiff's decedent suffered conscious pain and suffering.

80. Plaintiff brings this action under the Survival Act, 755 ILCS 5/27-6.

81. The Plaintiff has attached the Affidavit of her attorney, pursuant to the provisions of 735 ILCS 5/2-622(a)(2), verifying that this action has not been previously voluntarily dismissed and that the Plaintiff has been able to obtain a consultation required by 735 ILCS 5/2-622(a)(1), and such Affidavit has been identified and attached hereto as Exhibit 2. The corresponding report of the qualified physician is attached hereto as Exhibit 3.

WHEREFORE, Irene D. Martinez, as Special Administrator of the Estate of Martin Pagan, Jr., deceased, demands judgment against Defendant, Sandra Hoogland, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

## Count 5
### Irene D. Martinez vs. United States of America
### Medical Negligence: Personal Injuries of Irene D. Martinez

82. On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

83. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center operated as a federally-funded health care center, located within the County of Cook, State of Illinois.

84. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center provided health care services to the general public that included, but were not limited to, family medicine and obstetrics and gynecology.

85. On December 4, 2016 and at all other times relevant hereto, Lawndale Christian Health Center operated a clinic located at 3860 West Ogden Avenue, Chicago, Cook County, Illinois.

86. On December 4, 2016 and at all other times relevant hereto, the Defendant, United States of America, employed a staff of health care professionals at Lawndale Christian Health Center including but not limited to physicians, certified nurse midwives and other medical practitioners.

87. On December 4, 2016 and at all other times relevant hereto, the staff of health care professionals including, but not limited to physicians, certified nurse midwives and other medical practitioners working at Lawndale Christian Health Center, were the employees and/or agents of the Defendant, United States of America.

88. On December 4, 2016 and at all other times relevant hereto, the Defendant, United States of America, permitted its staff of health care professionals to manage the care of patients in various fields of medicine including, but not limited to, the medical fields of family practice and obstetrics and gynecology.

89. On December 4, 2016 and at all other times relevant hereto, the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

90. On December 4, 2016, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond its projected due date.

91. On December 4, 2016, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, the Plaintiff, Irene D. Martinez, complained of cramping, contractions, and labor pains.

92. At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

93. The prolonged deceleration of fetal heart rate represented a nonreactive non-stress test (NST) of fetal heart rate. It demonstrated a condition suspicious for placental insufficiency.

94. Sandra L. Hoogland, M.D. ordered a biophysical profile, which was interpreted as representing a normal biophysical profile.

95. Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

96. On December 4, 2016, when Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor, instead of ordering her discharge from the hospital.

97. On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn death was determined to be acute chorioamnionitis with deciduduitis with meconium staining,

–17–

resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

98. On and after December 4, 2016, and at all other times material, Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., was negligent and deviated from the standard of care and treatment of the Plaintiff in one or more of the following respects, individually and/or collectively:

    a. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;
    b. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;
    c. Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or
    d. Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

99. As a direct and proximate result of one or more of the foregoing negligent acts or omissions on the part of the Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent, including but not limited to Sandra L. Hoogland, M.D., the Plaintiff, Irene D. Martinez, suffered serious injuries to her person whereby she has suffered and will in the future suffer pain and suffering, loss of a normal life, and emotional distress; by reason of her injuries she was and in the future will be hindered and prevented from attending to her usual duties and affairs; and she has incurred medical and health care bills and expenses, and she has incurred and will in the future incur loss of income.

100. The Plaintiff has attached the Affidavit of her attorney, pursuant to the provisions of 735 ILCS 5/2-622(a)(2), verifying that this action has not been previously voluntarily dismissed and that the Plaintiff has been able to obtain a consultation required by 735 ILCS 5/2-622(a)(1), and such Affidavit has been identified and attached hereto as Exhibit 2. The corresponding report of the qualified physician is attached hereto as Exhibit 3.

WHEREFORE, the Plaintiff, Irene D. Martinez, individually, demands judgment against Defendant, United States of America, by and through the acts and/or omissions of its employee and/or agent including, but not limited to Sandra Hoogland, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

**Count 6**
**Irene D. Martinez vs. Sandra Hoogland, M.D.**
**Medical Negligence: Personal Injuries of Irene D. Martinez**

101. On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

102. On December 4, 2016 and at all other times relevant hereto, the Defendant, Sandra L. Hoogland, M.D., was acting as a physician employed by the United States of America and acting within the scope of her employment at all times relevant to this Complaint and within this District.

103. On December 4, 2016, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond its projected due date.

104. On December 4, 2016, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, the Plaintiff, Irene D. Martinez, complained of cramping, contractions, and labor pains.

105. At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

106. The prolonged deceleration of fetal heart rate represented a nonreactive non-stress test (NST) of fetal heart rate. It demonstrated a condition suspicious for placental insufficiency.

107. Sandra L. Hoogland, M.D. ordered a biophysical profile, which was interpreted as representing a normal biophysical profile.

108. Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

109. On December 4, 2016, when Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor, instead of ordering her discharge from the hospital.

110. On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn death was determined to be acute chorioamnionitis with deciduduitis with meconium staining, resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

111. On and after December 4, 2016, and at all other times material, Defendant, Sandra L. Hoogland, M.D., was negligent and deviated from the standard of care and treatment of the Plaintiff in one or more of the following respects, individually and/or collectively:

a. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;
b. Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;
c. Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or
d. Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

112. As a direct and proximate result of one or more of the foregoing negligent acts or

omissions on the part of the Defendant, Sandra L. Hoogland, M.D., the Plaintiff, Irene D. Martinez, suffered serious injuries to her person whereby she has suffered and will in the future suffer pain and suffering, loss of a normal life, and emotional distress; by reason of her injuries she was and in the future will be hindered and prevented from attending to her usual duties and affairs; and she has incurred medical and health care bills and expenses, and she has incurred and will in the future incur loss of income.

113. The Plaintiff has attached the Affidavit of her attorney, pursuant to the provisions of 735 ILCS 5/2-622(a)(2), verifying that this action has not been previously voluntarily dismissed and that the Plaintiff has been able to obtain a consultation required by 735 ILCS 5/2-622(a)(1), and such Affidavit has been identified and attached hereto as Exhibit 2. The corresponding report of the qualified physician is attached hereto as Exhibit 3.

WHEREFORE, the Plaintiff, Irene D. Martinez, individually, demands judgment against Defendant, Sandra Hoogland, M.D., in an amount in excess of Fifty Thousand Dollars ($50,000.00), plus costs of suit.

> IRENE D. MARTINEZ, individually and
> as special administrator of the estate of
> Martin Pagan, Jr., deceased, Plaintiff,
>
> By:_____/s/ James W. Mertes_____
> MERTES & MERTES, P.C.
> Mr. James W. Mertes, Esq. (06216546)
> Attorneys for Plaintiff

Mr. James W. Mertes, Esq.
ARDC No. 06216546
MERTES & MERTES, P.C.
Attorney for Plaintiffs
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
Email: jmertes@mertesandmertes.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE D. MARTINEZ, Individually and as Special Administrator of the Estate of Martin Pagan, Jr., deceased, | } } } | |
| Plaintiff, | } } } | |
| vs. | } } } | No. _____ |
| UNITED STATES OF AMERICA and SANDRA HOOGLAND, M.D., | } } } | |
| Defendants. | } } } | |

JURY DEMAND

Plaintiffs, Irene D. Martinez, individually and as special administrator of the estate of Martin Pagan, Jr., deceased, hereby demand a trial by jury.

IRENE D. MARTINEZ, individually and as special administrator of the estate of Martin Pagan, Jr., deceased, Plaintiff,

By:_____/s/ James W. Mertes_____
MERTES & MERTES, P.C.
Mr. James W. Mertes, Esq. (06216546)
Attorneys for Plaintiff

Mr. James W. Mertes, Esq.
ARDC No. 06216546
MERTES & MERTES, P.C.
Attorney for Plaintiffs
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
Email: jmertes@mertesandmertes.com

Firm I.D. No. 56510

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IRENE D. MARTINEZ, Individually and as Special Administrator of the Estate of Martin Pagan, Jr., deceased,<br><br>Plaintiff,<br><br>vs.<br><br>SAINT ANTHONY HOSPITAL, a not-for-profit-corporation, PAMELA J. KOHLENBERG, C.N.M. and ANA C. SERRANO, R.N.<br><br>Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}  No. _____<br>}<br>}<br>}<br>}<br>}<br>}<br>} |

### ORDER APPOINTING SPECIAL ADMINISTRATOR

This cause comes before the Court on the Petition to Appoint Special Administrator filed on behalf of IRENE D. MARTINEZ, due notice having been provided to all heirs and legatees, the Court having been duly advised,

IT IS HEREBY ORDERED that the Petition to Appoint Special Administrator of the Estate of Martin Pagan Jr., is hereby granted, and IRENE D. MARTINEZ is hereby appointed the Special Administrator of the Estate of Martin D. Pagan, Jr., deceased, for the purpose of prosecution of any claim or cause of action arising on behalf of the Estate, including those that arise pursuant to the Wrongful Death Act, 740 ILCS 180/1, *et.seq.*

Dated: December 4, 2018

_____
JUDGE PRESIDING

Firm I.D. No. 56510
Mr. James W. Mertes, Esq.
MERTES & MERTES, P.C.
Attorney for Plaintiffs
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815.626.1500
Email: jmertes@mertesandmertes.com

JUDGE JAMES P. FLANNERY

DEC 04 2018

Circuit Court-1505

EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRENE D. MARTINEZ, Individually and as Special Administrator of the Estate of Martin Pagan, Jr., deceased,<br><br>        Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA and SANDRA L. HOOGLAND, M.D.,<br><br>        Defendants. | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>}<br>} | <br><br><br><br><br>No. _____<br><br>Jury Demand |

AFFIDAVIT OF PLAINTIFFS' ATTORNEY

I, James W. Mertes, being first duly sworn on oath, depose and state as follows:

1.  I am the attorney of record for the Plaintiffs herein and have knowledge of the facts stated herein.

2.  I have consulted and reviewed the facts of the case with a health professional whom I reasonably believe is knowledgeable in the relevant issues involved in this particular action and who practices or has practiced within the last six years, or teaches or has taught within the last six years, in the same area of health care or medicine that is at issue in this particular action and meets the expert witness standards set forth in paragraphs (a) through (d) of Section 8-2501.

3.  The profession of the reviewing health professional is that of a medical doctor, licensed in all its branches to practice medicine, and such health professional is qualified by experience or has demonstrated competence in the subject of this case.

Exhibit 2

4. The reviewing health professional has determined, in a written report, after a review of the medical records and other relevant materials involved in the particular action, that there is reasonable and meritorious cause for the filing of such action.

5. Affiant concluded, on the basis of the reviewing health professional's review and consultation, that there is a reasonable and meritorious cause for filing such action.

6. Affiant has identified said reviewing health professional certificates of merit pursuant to 735 ILCS 5/2-622, and the same has been attached hereto as Exhibit 3 and is hereby incorporated herein by this reference.

_____
Mr. James W. Mertes, Esq.

Subscribed and sworn to before me
this ___6th___ day of September, 2019.

_____
Notary Public

OFFICIAL SEAL
KAY SMITH
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 9-26-19

Mr. James W. Mertes
ARDC No. 06216546
MERTES & MERTES, P.C.
Attorney for Plaintiff
4015 East Lincolnway, Suite D
Sterling, IL 61081
Telephone: 815-626-1500
Email: jmertes@mertesandmertes.com
Secondary email: pleadings@mertesandmertes.com

December 3, 2018

Re:    Irene D. Martinez and Martin Pagan, Jr., deceased fetus

### 2-622 CERTIFICATE OF MERIT
### AS TO SANDRA L. HOOGLAND, M.D., LAWNDALE CHRISTIAN HEALTH CENTER AND SAINT ANTHONY HOSPITAL

I am a physician and health professional licensed to practice medicine in all of its branches. I have reviewed the medical records, facts, and other relevant material relative to Irene D. Martinez and Martin Pagan, Jr., deceased fetus, and find that there is a reasonable and meritorious basis for a healing art malpractice cause of action. I am knowledgeable in the relevant issues, qualified by experience and training and I have practiced in the same area of health care or medicine that is at issue in this particular action, within the past six years.   For the reasons to follow below, I am of the opinion, which I hold to a reasonable degree of medical and scientific certainty, that the acts and/or omissions of the Defendant, Sandra L. Hoogland, M.D., individually and as real or apparent agent of Lawndale Christian Health Center, NFP and Saint Anthony Hospital, proximately caused or contributed to cause the injuries and damages suffered by Irene D. Martinez and Martin Pagan, Jr. My reasons are as follows:

1.   On December 4, 2016, Irene D. Martinez was a 21-year-old pregnant female.

2.   On that same date, the pregnancy of Irene D. Martinez was forty (40) weeks plus four (4) days in gestational duration. In other words, the pregnancy was four (4) days beyond its projected due date.

3.   On that same date, Irene D. Martinez presented herself to the care of Sandra L. Hoogland, M.D. at the Labor and Delivery Triage Department of Saint Anthony Hospital. At that time, she complained of cramping, contractions, and labor pains.

4.   At that time, a fetal heart monitor was applied, and the fetal heart rate was thereby recorded. Beginning at approximately 3:02 p.m. on December 4, 2016, the fetal heart rate demonstrated a prolonged deceleration which can be associated with placental insufficiency.

5.   In addition to the prolonged deceleration of fetal heart rate, the fetal monitor strip was non-reactive. Those conditions demonstrated a condition suspicious for placental insufficiency.

6.   Sandra L. Hoogland, M.D. ordered a Biophysical Profile, which was interpreted as representing a normal biophysical profile.

7.   Sandra L. Hoogland, M.D. thereafter ordered that Irene D. Martinez be discharged from Saint Anthony Hospital's Labor and Delivery Triage Department, with instructions to return home and remain hydrated.

8.  On December 7, 2016, Irene D. Martinez presented to the Emergency Department of Saint Anthony Hospital with complaints of continued cramping and loss of detectable fetal movement. A stillborn baby was delivered by Caesarian section. The cause of death of stillborn death was determined to be acute chorioamnionitis with deciduduitis with meconium staining, resulting in aspiration pneumonia and congestion/hemorrhage of multiple organs.

9.  When Irene D. Martinez presented to Sandra L. Hoogland, M.D. in the Labor and Delivery Triage Department of Saint Anthony Hospital, she was four days past the due date of her pregnancy. The fetal heart rate demonstrated a prolonged deceleration suspicious for placental insufficiency. At that time, and under those circumstances, Sandra L. Hoogland, M.D. should have ordered the admission of Irene D. Martinez for observation and/or induction of labor.

10. A meritorious cause of action exists as to Sandra L. Hoogland, M.D., in each and all of the following respects, individually and/or collectively:
    a.  Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal heart rate as demonstrative of a prolonged deceleration;
    b.  Sandra L. Hoogland, M.D. failed to properly interpret the December 4, 2016 fetal non-stress test as non-reactive;
    c.  Sandra L. Hoogland, M.D. failed to order the admission of Irene D. Martinez to the hospital for observation; and/or
    d.  Sandra L. Hoogland, M.D. failed to order the induction of labor of Irene D. Martinez.

11. A meritorious cause of action exists as to Saint Anthony Hospital in that, upon information and belief, Sandra L. Hoogland, M.D. acted as a real or apparent agent of Saint Anthony Hospital at the time that she committed the acts and omissions aforesaid.

12. A meritorious cause of action exists as to Lawndale Christian Health Center in that, upon information and belief, Sandra L. Hoogland, M.D. acted as a real or apparent agent of Lawndale Christian Health Center at the time that she committed the acts and omissions aforesaid.

Dated: December 3, 2018

Linda H. Holt, M.D.
9715 Woods Drive, Unit 401
Skokie, IL 60077
State of Licensure: Illinois